UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                :

SHARONDA SAMPLE,                             :

                      Plaintiff,              :           21-CV-2005 (JMF)

                    -v-                      :        MEMORANDUM OPINION
                                             :               AND ORDER
THE AMERICAN NATIONAL RED CROSS, et al.,  :

                  Defendants.         :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Sharonda Sample filed this case against the American National Red Cross, American Red Cross in Greater New York (together, the "Red Cross"), and ServiceMaster Professional Cleaning Services ("ServiceMaster"), seeking damages for an alleged fall in the Red Cross's headquarters, where she was working as a security guard. Defendants now move, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, to dismiss, citing Sample's refusal — despite multiple Court orders — to appear for a deposition and an independent medical examination ("IME"). The Court agrees that Sample's willful disregard of multiple orders, and her unwillingness to further prosecute her case, warrant dismissal with prejudice. Accordingly, and for the reasons that follow, Defendants' motion is GRANTED.

## BACKGROUND

       Sample filed this slip-and-fall case against the Red Cross and ServiceMaster in state court on February 1, 2021. *See* ECF No. 1-1. On June 10, 2021, after the case had been removed here, the Court entered a Civil Case Management Plan and Scheduling Order, pursuant to which the parties initially had until October 13, 2021, to complete fact discovery. *See* ECF No. 18,

¶ 8(b).  At the request of one party or another, the Court later extended that date five times, ultimately setting June 6, 2022, as the fact discovery deadline.  *See* ECF Nos. 35, 43, 52, 58, 61.

Sample appeared for a deposition on May 16, 2022.  *See* ECF No. 84 ("Brann Decl."), ¶ 14.  About four hours into the deposition, however, Sample claimed she was not feeling well and needed a break.  *See id.*  When the parties could not agree on whether to proceed or adjourn to another date, they contacted the Court, which — over Defendants' objections — ordered the deposition halted and adjourned to another date.  *See id.*  The parties agreed to continue the deposition remotely on May 20, 2022.  *See id.*

On May 19, 2022, however, Sample's counsel, Kenneth Marder, filed a letter notifying the Court that Sample had discharged his firm and requesting a stay to permit Sample to obtain new counsel.  *See* ECF No. 63.  By Order entered the same day, the Court denied Marder's application without prejudice to filing a proper motion to withdraw or substitute after the close of discovery.  *See* ECF No. 64.  "Allowing withdrawal on the eve of the final depositions and with only weeks remaining in the discovery period," the Court explained, "would plainly disrupt the case and prejudice Defendants."  *Id.*

That same day, defense counsel circulated a Zoom link for Sample's deposition on the next day.  *See* Brann Decl. ¶ 16.  Sample did not appear.  *See id.*  Shortly before the appointed time, however, defense counsel realized that the link "mistakenly led to a deposition scheduled for May 23, 2022."  *Id.*  As a result, counsel agreed out of an abundance of caution to reschedule the deposition for that date.  *See id.*  Once again, however, Sample did not appear.  *See id.* ¶ 17.

In the wake of these failed depositions, Defendants filed letters seeking leave to file a motion to dismiss pursuant to Rules 37 and 41.  *See* ECF Nos. 67-68.  Marder filed a letter in opposition, dated May 26, 2022, acknowledging that he had advised Sample about the May 20

and 23, 2022 deposition dates and "of the possible consequences which could result should she fail to appear," but contending that dismissal was not warranted.  ECF No. 72, at 3.  "It would appear apparent," Marder contended, "that Plaintiff's actions are not a result of a willing act of contempt of the Court, but rather, of her contempt for the undersigned."  *Id.*  The Court addressed Defendants' request in an Order entered May 31, 2022.  *See* ECF No. 74.  The Court noted that Sample's "failure to appear for the continuation of her deposition was inexcusable — made all the worse by the fact that it was necessary only because the Court granted *her* request, over Defendants' objection, to call a halt to her deposition in deference to her health and well-being."  *Id.*  "Further," the Court continued, "whether she was primarily motivated by contempt for her counsel or not, the fact is that she acted in contempt of the Court's orders."  *Id.*

Nevertheless, the Court concluded that dismissal of the action was not then warranted.  Instead, the Court ordered Sample "to appear for the remainder of her deposition — to be conducted on a date agreed upon by counsel, but no later than June 9, 2022."  *Id.*  The Court expressly warned that "failure by Plaintiff to appear for her deposition" — or an IME that was scheduled for June 6, 2022, *see* ECF No. 67, at 3 — "may well result in greater sanctions, *up to and including dismissal of the case*."  *Id.* (emphasis added).  The Court also ordered Sample to reimburse Defendants for the costs and fees associated with the two aborted depositions and their letters, *see id.*, an amount later fixed at $2,353.00, *see* ECF No. 77.

Sample failed to appear for her continued deposition, which was scheduled for June 8, 2022.  *See* Brann Decl. ¶ 21.  She also failed to appear for the IME on June 6, 2022.  *See id.* ¶¶ 21-22.  This motion followed.

**DISCUSSION**

It is well established that "all litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (cleaned up). More specifically, Rule 37(b)(2)(A)(v) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part." Similarly, Rule 37(d) permits a district court to "dismiss an action if a party fails to attend a deposition of that party." *Agiwal*, 555 F.3d at 302. In weighing whether to dismiss an action under Rule 37, a district court should consider four factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Id.* (cleaned up). "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id.* (cleaned up).

Separately, Rule 41(b) permits dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (noting that a court's authority to dismiss a case for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"). Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). More specifically, in considering a Rule 41(b) dismissal, courts must weigh five factors, sometimes call the "*Drake* factors": (1) the duration of the plaintiff's failure to comply with the

4

court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Applying the foregoing standards here, the Court concludes that dismissal with prejudice is warranted under both Rule 37 and Rule 41 for Sample's repeated failure to appear for her deposition and for her failure to appear for an IME. First, Sample was on clear notice that failure to appear for both her deposition and her IME could result in dismissal. Defendants put her on notice through their letter-motions after she failed to appear on May 20 and 23, 2022, *see* ECF Nos. 67-68, and again through this motion. And the Court expressly warned Sample that failure to appear for her June 6, 2022 IME and June 8, 2022 deposition could result in "greater sanctions" than the financial sanctions the Court had imposed for her initial failure to appear, "*up to and including dismissal of the case*." ECF No. 74 (emphasis added). Yet Sample has failed to comply with the Court's Orders, a failure that has now lasted over seven months — three months longer than the original period allotted for all of fact discovery.

Moreover, there is no doubt that Sample's failures to comply were willful. Marder, her counsel of record, concedes that he provided Sample with copies of the Court's Orders and personally "warned" her that "her continued failure to comply with the Court's order could result in sanctions including dismissal." ECF No. 87 ("Pl.'s Opp'n"), at 3.[1] Echoing his letter of May 26, 2022, Marder suggests that Sample's conduct should be excused because she "wanted a new

---

[1] Many of the documents filed by the parties, including ECF No. 87, lack page numbers. Where that is the case, page citations are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

attorney, not a delay." *Id.* at 7.  To the extent that is true, however, her failure to continue with prosecution of the case is all the *more* willful and contumacious, as it flies in the face not only of the Court's Order mandating her deposition and IME, ECF No. 74, but also the Court's Order denying Marder's motion to withdraw as counsel without prejudice to renewal after discovery, ECF No. 64.

Further, Sample's refusal to comply with her obligations plainly harms both Defendants and the Court's management of its docket.  As to the former, the prejudice that would befall Defendants if they were forced to proceed without completing Sample's deposition or conducting an IME is self-evident.  And even if Sample were to appear now for a deposition and IME — a prospect that appears dim, as she has not offered to do so even in the face of this motion — Defendants will have been harmed by the delay and the opportunity it has apparently given Sample to tailor her testimony.  *See* ECF No. 89, at 7 (noting that, "as soon as defendants unearthed certain issues during plaintiff's initial deposition, plaintiff abruptly ended the deposition and has since refused to appear for a continued deposition").  As to the latter, the balance of interests "tips decidedly in favor of the Court's need to reduce docket congestion — and against the plaintiff's right to be heard — as [Sample] has shown little interest in prosecuting this case. . . .  Because [she] has made no effort to prosecute this action, it would be unfair to the numerous other litigants who await the attention of this Court to permit her suit to remain on the docket."  *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013).

Notably, in opposing Defendants' motion, Marder does not really dispute that sanctions are warranted.  *See, e.g.*, Pl.'s Opp'n 4 (conceding that Sample violated multiple Court orders and that her conduct "may be a basis for further sanctions").  Instead, his primary argument is that a lesser sanction — such as dismissal without prejudice or dismissal conditioned on

6

Sample's unwillingness to proceed with new counsel or *pro se* — "would be more appropriate" than dismissal with prejudice. *Id.* at 8. But that argument "fails to take into account that when soft sanctions were imposed" on May 31, 2022, *see* ECF No. 74, Sample "continued to defy the court." *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989). Moreover, assuming that Sample's contempt was actually rooted in her desire for a new lawyer, accepting Marder's alternative proposals would perversely reward Sample's contumacious conduct with exactly what she wanted in the first place — thereby undermining the punitive and deterrent purposes of sanctions. *See, e.g.*, *Agiwal*, 555 F.3d at 303 ("Dismissal pursuant to Rule 37 is appropriate not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." (cleaned up)).[2]

In short, the Court concludes that dismissal with prejudice is indeed the appropriate sanction for Sample's willful and bad faith refusal to comply with the Court's Orders and to finish what she started by prosecuting her case to conclusion. Additionally, the Court agrees with Defendants that Sample should be required to reimburse them for the reasonable expenses, including attorney's fees, that they incurred as a result of her failures to appear on June 6 and 8, 2022, including the costs and fees incurred in connection with the present motion. *See* ECF No. 85, at 10-12. Defendants are entitled to such relief pursuant to Rule 37, which provides, as relevant here, that "the court *must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or

---

[2] In opposing dismissal with prejudice, Marder also contends that Sample's conduct does "not rise to the level of non-compliance exhibited by the plaintiff in *Agiwal*." Pl.'s Opp'n 5. The differences, however, are ones of degree, not kind. Moreover, nothing in the Second Circuit's decision suggests that the non-compliance exhibited by the plaintiff there is the minimum required for the sanction of dismissal. To the contrary, the Second Circuit explicitly noted that the magistrate judge who had presided over the district court proceedings had "exceeded what was required in the circumstances." 555 F.3d at 303.

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).  Moreover, in opposing Defendants' motion, Sample does not oppose their request for reasonable expenses and, thus, has forfeited any argument against them.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED, and Sample's claims are DISMISSED with prejudice pursuant to Rules 37(b), 37(d), and 41(b).  Further, Sample is ORDERED to reimburse Defendants for the reasonable expenses, including attorney's fees, incurred in connection with the June 6, 2022 IME; the June 8, 2022 deposition; and this motion.  The parties shall meet and confer in an effort to reach agreement on the figure.  Barring agreement, Defendants shall file a detailed accounting **within three weeks of the date of this Memorandum Opinion and Order**; Sample may file a response **within one week of Defendants' accounting**; no reply may be filed absent prior leave of Court.

The Clerk of Court is directed to terminate ECF No. 83, to enter judgment in favor of Defendants consistent with this Memorandum Opinion and Order, and to close the case.

SO ORDERED.

Dated: January 6, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge